# RIO GRANDE DAM AND IRRIGATION COMPANY *v.* UNITED STATES.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 49. Argued December 3, 1909.—Decided December 13, 1909.

Where a case is opened that further evidence may be produced, it is also open for the amendment of the original pleadings or for additional pleadings appropriate to the issues; and permission by the lower court to file such supplemental complaint is not inconsistent with the mandate of this court remanding the case with directions to grant leave to both sides to adduce further evidence.

Under the provisions of the Code of New Mexico allowing supplemental pleadings alleging facts material to the issue, the fact that the defendant corporation has, since the suit was brought by the Government to enjoin it from so building a dam as to interfere with the navigability of an international river, failed to exercise its franchise in accordance with the statute, is germane to the object of the suit and may be pleaded by supplemental complaint.

The allowance of amendments of supplemental pleadings must at every stage of the cause rest with the discretion of the court, which discretion must depend largely on the special circumstances of each case, nor will the exercise of this discretion be reviewed in the absence of gross abuse.

Attorneys of record are supposed to be present during the terms of the court in which their causes are pending, and are chargeable with notice of proceedings transpiring in open court.

In this case the action of the trial court in taking a supplemental complaint for confessed in the absence of any pleading after the time therefor had elapsed, sustained, there appearing to be no excuse for the default and no irregularity appearing in the order permitting the filing of the complaint or in the service thereof.

The fact that for a time work was enjoined at the instance of the Government does not excuse the delay in completing work under statutory permission within the time prescribed where the delay exceeds the limit after deducting all the time for which the injunction was in force.

13 New Mexico, 386, affirmed.

THE general object of this suit—which was brought by the United States in one of the courts of New Mexico on the twenty-fourth day of May, 1897—was to obtain an injunction to prevent the Rio Grande Dam and Irrigation Company from constructing and maintaining a dam across, and a reservoir over and near, the Rio Grande River at a certain point in that Territory. In the court of original jurisdiction the suit was dismissed and the dismissal was affirmed by the Supreme Court of the Territory; but that judgment was reversed by this court, with instructions to set aside the decree of dismissal and to inquire whether the intended acts of the defendants in the construction of a dam and appropriating the waters of the Rio Grande would substantially diminish the navigability of that stream within the limits of present navigability; and, if so, to enter a decree restraining those acts to the extent that they would so diminish. *United States* v. *Rio Grande Irrigation Company*, 174 U. S. 690, 708, 710. The mandate of this court to that effect was executed by the Supreme Court of the Territory, and the cause went back to the court of original

jurisdiction with directions.to proceed in accordance with that mandate.

The cause was again heard in the court of original jurisdiction, that court, denying a motion, in behalf of the United States, for a continuance in order that it might more fully prepare its case. The suit, on final hearing, was again dismissed, and that judgment was sustained by the Supreme Court of the Territory. But this court reversed the decree of the latter court and remanded the cause with instructions to reverse the decree of the court of original jurisdiction, and with directions "to grant leave to both sides to adduce further evidence." *United States* v. *Rio Grande Dam & Irrigation Co.*, 184 U, S. 416, 424, 425. The mandate of this court to the above effect was executed, and the case was again placed on the docket of the court of original jurisdiction.

For a full statement of the issues and facts up to this point in the litigation reference is made to the opinions of this court as reported in 174 U. S. 690, and 184 U. S. 416.

The record shows that on the seventh day of April, 1903—after the last decision in this court—the United States, by leave of the court of original jurisdiction, filed a' *supplemental* complaint, which set forth the then status of the case. That complaint referred to the defendant's plea, stating that it had complied with the requirements of the act of Congress approved March 3d, 1891, repealing timber culture laws and for other purposes, 26 Stat. 1095, 1102, c. 561, §§ 20, 21, and "had acquired a right to construct said dam and divert said water by reason of compliance with the terms of said Act." It then proceeded: "II. Plaintiff further alleges that defendant's plea above referred to, claiming a right to construct said dam under the said act of Congress, approved March 3d, 1891, c. 561, was filed on June 26, A. D. 1897, and that its articles of incorporation and proof of its incorporation, and the map and survey of its reservoir had been filed and approved by the Secretary of the Interior long prior to the filing of said plea, as appears from an inspection of said plea itself. III. Plaintiff

further alleges that in and by section twenty of the said act of March 3d, 1891, above referred to, it was provided 'that if any section of said canal, or ditch, shall not be completed within five years after the location of said section, the rights herein granted shall be forfeited as to any uncompleted section of said canal, ditch or reservoir, to the extent that the same is not completed at the date of the forfeiture,' and that although five years since the filing and approval of said articles of incorporation, proofs of organization, maps and surveys have long since elapsed, defendant has not complied with the requirements of said act, but has failed to construct or complete within the period of five years after the location of said canal and reservoir any part or section of the same, and the same has by reason thereof become forfeited. IV. Plaintiff further alleges that during all of said time, except from May 24th, 1897, to ——— 1897, the date when the temporary injunction was dissolved, the said defendants have been in no wise hindered, restrained or prevented from complying with the provisions of said act by any judicial order or process whatsoever. V. Wherefore, plaintiff prays to be permitted to file this supplemental bill of complaint, and that the same be considered upon the hearing of this cause, and that the defendants be decreed to have forfeited all the rights they may have had, or claimed under and by virtue of said act of March 3d, 1891, not hereby admitting, however, that the defendants ever acquired any rights under and by virtue of said act. Plaintiff further prays that the injunction, and all other relief prayed for in and by said amended bill of complaint, be granted, and that said injunction be made perpetual, and that it have and recover its costs expended in this cause, and thus plaintiff will ever pray."

A copy of this supplemental complaint was served on the attorney of the defendants on the day (April 7th, 1903) it was filed. More than forty days thereafter, on the twenty-first day of May, 1903, a decree was entered finding the allegations of the supplemental complaint—no demurrer, answer or other

pleading having been filed thereto—"are confessed and are true." The court further found "that the articles of incorporation and the map, survey of the reservoir of the defendant corporation, the Rio Grande Dam and Irrigation Company, were filed with the Secretary of the Interior prior to the twenty-sixth day of June, A. D. 1897, and were, prior to said date, approved by the Secretary of the Interior; and it further finds that the said defendants have not completed its said reservoir or said ditch, or any section thereof, within five years after the location of the said reservoir and its said ditch line, or within five years after the approval of the same by the Secretary of the Interior; and the court further finds that five years since the filing and approval of the said articles of incorporation, proof of organization, maps and surveys of the said reservoir and ditch line of the defendants had long since elapsed prior to the filing of the said supplemental bill and that the defendants had not complied with the requirements of the act of Congress, approved March 3, 1901, under which the same were filed, but have failed to construct or complete within the period of five years after the location of the said canal and reservoir any part or section of the same." And it was adjudged "that the rights of the said defendants, or either of them, to so construct and complete the said reservoir and said ditch, or any part thereof, under and by virtue of the said act of Congress of March 3, 1901, be and the same are hereby declared to be forfeited. It is further ordered, adjudged and decreed by the court by reason of the premises that an injunction be, and the same is hereby granted against the said defendants, enjoining them from constructing or attempting to construct the said reservoir, or any part thereof, and that the same be made perpetual." (By an amended decree filed October 5th, 1903, and entered *nunc pro tunc* as of May 21st, 1903, the date given as March 3d, 1901, in the decree was made to read March 3d, 1891, in order to conform to the actual date of the act of Congress intended to be referred to both by the United States and by the court.)

A statute of New Mexico, in force at the time and before the above decree was rendered, provided: "Every pleading, subsequent to the complaint, shall be filed and served within twenty days after service of the pleading to which it is an answer, demurrer, or reply." Compiled Laws of New Mexico, 1907, Title 33; Code of Civil Procedure, c. 1, art. 4, sub. sec. 46.

On the thirty-first of October, 1903, the defendants moved the court to vacate the order allowing the supplemental bill to be filed, and that they be permitted to come in and answer the supplemental bill. This motion was denied and upon appeal to the Supreme Court of the Territory the action of the trial court on this point was sustained. The former court, at the same time, March 2d, 1906, adjudged that the right of the defendants, or either of them, to construct and complete its reservoir and ditch, or any part thereof, within the time required by the act of Congress of March 3d, 1901, was forfeited. It was also adjudged that the defendants be enjoined from constructing, or attempting to construct, the said reservoir or any part thereof. The injunction was made perpetual. From that judgment the present appeal was prosecuted.

*Mr. William W. Bride* and *Mr. Frederick S. Tyler,* with whom *Mr. Charles A. Douglas* was on the brief, for plaintiffs in error:

The lower court erred in permitting a supplemental complaint to be filed. This court has many times frowned upon such acts. *Southard* v. *Russell,* 16 How. 547; *Ex parte Dubuque,* 1 Wall. 69; *Ames* v. *Kimberly,* 136 U. S. 629; *Re Gamewell Co.,* 73 Fed. Rep. 908; *West* v. *Brashear,* 14 Pet. 51; *Mason* v. *Harpers Ferry,* 20 West Va. 223; *Boggs* v. *Willard,* 70 Illinois, 315; *Rees* v. *McDaniels,* 131 Missouri, 681; *Gage* v. *Bailey,* 119 Illinois, 539; *Choteau* v. *Allen,* 114 Missouri, 56; *Mackall* v. *Richards,* 116 U. S. 47; *Re Sandford Tool Co.,* 160 U. S. 255; *Sibbald* v. *United States,* 12 Pet. 488; *Tex. & Pac. Ry.* v. *Anderson,* 149 U. S. 237.

The direction to allow further proof was specific and the

court below varied that direction—and this can be corrected by mandamus or appeal. *United States* v. *Fossatt*, 21 How. 445; *Re Sandford Tool Co.*, 160 U. S. 255. The supplemental bill was improperly so called; it was not, nor was its purpose, related to the original bill but it set up independent cause of action. This is not permissible. *Accumulator Co.* v. *Electric Co.*, 44 Fed. Rep. 602, 607; 2 Street's Fed. Eq. Prac., §§ 1170, 1171; 1 Foster's Fed. Prac., 4th ed., 631; *Trust Co.* v. *Street Railway*, 74 Fed. Rep. 67; *Putney* v. *Whitmire*, 66 Fed. Rep. 385; *Stafford* v. *Howlett*, 1 Paige (N. Y.), 200; Vansile's Eq. Plead., § 263; *Milner* v. *Milner*, 2 Edw. Ch. (N. Y.) 114; *Higginson* v. *C., B. & Q. R. R.*, 102 Fed. Rep. 197; Fletcher's Eq. Plead. 892.

The supplemental bill must be germane to the original bill, and if the original bill shows no ground for relief it cannot be aided by a supplemental bill setting up matters that have since arisen. *Minnesota Co.* v. *St. Paul Co.*, 6 Wall. 742; Story Eq. Plead., § 339; *Hughes* v. *Carue*, 135 Illinois, 519; *Maynard* v. *Green*, 30 Fed. Rep. 643; *Prouty* v. *Lake Shore Ry.*, 85 N. Y. 275; *Snead* v. *McCoull*, 12 How. 407.

The notice was insufficient. Equity Rule 57, and cases cited in Desty's Rules, 7th ed., p. 110.

*The Solicitor General* for the United States, appellee:

The trial court properly allowed complainant's supplemental bill to be filed. Nothing in the previous decisions of this court was incompatible with the filing of the supplemental bill or with the subsequent proceedings upon it. Allowance of the filing of a supplemental bill is within the discretion of the trial court. *Berliner Gramophone Co.* v. *Seaman*, 113 Fed. Rep. 750, 754; *Jacob* v. *Lorenz*, 98 California, 332, 337; *Farmers' Loan & Trust Co.* v. *Bankers' & Merchants' Telegraph Co.*, 109 N. Y. 342. And, in general, granting or refusing leave to file a new plea, or to amend a pleading, is discretionary and is not reviewable on appeal except for gross abuse of discretion. *Mandeville* v. *Wilson*, 5 Cranch, 15, 17;

*Gormley* v. *Bunyan,* 138 U. S. 623; *Chapman* v. *Barney,* 129 U. S. 677; *Walden* v. *Craig,* 9 Wheat. 576; *Chirac* v. *Reinicker,* 11 Wheat. 280; *Ex parte Bradstreet,* 7 Pet. 634.

Notice of complainant's application for leave to file its supplemental bill was served upon the defendants' attorney; and no evidence to the contrary is found in the record. But the omission of notice would not be material error, because a copy of the bill was at once served upon the attorney for defendants and they had full opportunity thereupon to move to strike it off the file or demur. As defendants failed in any way to attack the filing of the bill or to demur or plead in any way to it within the time allowed by § 2685, New Mexico Code of Civil Procedure, it was the duty of the trial court to take the bill *pro confesso* and to enter the decree.

Notice of an application for leave to file a supplemental bill is not in all cases necessary. It is a matter of discretion with the court whether to require such notice. *Eager* v. *Price,* 2 Paige Ch. 333, 335; *Lawrence* v. *Bolton,* 3 Paige, 294, 295; *Barriclo* v. *Trenton Mut. Life & Fire Ins. Co.,* 13 N. J. Eq. 154, 155; *Winn & Ross* v. *Albert et al.,* 2 Md. Ch. 42; *Taylor* v. *Taylor,* 1 Mac. & G. 397.

Whether or not a bill is not supplemental in character, is waived by failure to demur, plead or object thereto within the time allowed. The proper method of objecting on the ground of want of supplemental matter is by demurrer. 2 Daniell Ch. Pl. & Pr., 6th Am. ed., p. 1535; *Bowyer* v. *Bright,* 13 Price, 316; *Stafford* v. *Howlett,* 1 Paige Ch. 200.

The supplemental bill does not set up matter foreign to the original case in alleging forfeiture of defendants' rights in their dam and reservoir sites. Forfeiture could not be claimed in the original bill because it was not true when the bill was filed. It is certainly proper to add the claim of forfeiture to the original bill when the cause of forfeiture occurred after the suit was begun. Matter may be introduced by supplemental bill which could have been added to the original bill if then available. *Winn & Ross* v. *Albert et al.,* 2 Md. Ch. 42, 48;

*Hardin* v. *Boyd*, 113 U. S. 756. As to scope allowable to a supplemental bill, see *Jones* v. *Jones*, 3 Atk. 110; *Eager* v. *Price*, 2 Paige, 333; *Saunders* v. *Frost*, 5 Pick. 275; *Fisher* v. *Holden*, 84 Michigan, 494; *Jacob* v. *Lorenz*, 98 California, 332; *Hasbrouck* v. *Shuster*, 4 Barb. 285; *Candler* v. *Pettit*, 1 Paige Ch. 168; *Winn & Ross* v. *Albert et al.*, 2 Md. Ch. 42; *Mutter* v. *Chauvel*, 5 Russ. 42; *Reeve* v. *North Carolina Land & Timber Co.*, 141 Fed. Rep. 821; *Jenkins* v. *Int. Nat. Bank*, 127 U. S. 484.

The rule that a bad title set up in the original bill cannot be aided by supplemental bill setting up a new and distinct title obtains only when complainant's original title is wholly bad; it does not prevent the assertion of a new title when it adds to or supplements the first title, instead of contradicting it. *Winn & Ross* v. *Albert, supra.* And see *Jacques* v. *Hall*, 3 Gray, 194, 197; *Candler* v. *Pettit*, 1 Paige, 168; *Edgar* v. *Clevenger*, 3 N. J. Eq. 258; *Lowry* v. *Harris*, 12 Minnesota, 255, 266; *Reeve* v. *Timber Co.*, 141 Fed. Rep. 821, 834. There is no inconsistency between the supplemental and original bills in this case. The purpose of each was to restrain defendants' construction and use of the proposed dam and reservoir.

Even if the supplemental bill had been improperly allowed to be filed, it was right to deny defendants' motion to vacate the allowance of the filing of the bill and the decree that had been entered or to open defendants' default and permit them to plead. Defendants' inaction and laches deprived them of any claim to relief; their motion was too late under the New Mexico statute; the supplemental character of complainant's bill was not questionable by motion but only by demurrer; and the answer which defendants asked leave to interpose failed itself to show any defense against default.

Mr. Justice Harlan, after making the foregoing statement, delivered the opinion of the court.

We perceive no error in the judgment now under review.

The main contention of the defendants is that it was error to permit the United States to file its supplemental bill. We do not accept this view of the trial court's duty. When the cause was last here the court expressed the conviction that if the case was finally disposed of on the record as it then was great wrong might be done to the United States and to all interested in preserving the navigability of the Rio Grande. Hence, the cause was sent back that each side might adduce further evidence, if they had any to adduce. When the Government asked to file its supplemental bill the suit was of course reinstated on the docket of the court of original jurisdiction for such action as might be proper or necessary. The case having been opened that further evidence might be produced, it was certainly open for an amendment of the original pleadings or for such additional pleadings as might be appropriate to the issues between the parties. The parties were not limited to the production merely of evidence. The defendants, in the discretion of the court, could have been allowed, upon a proper showing and before taking further proof, to amend their pleadings, and equally the Government, before taking further proof, could have been allowed to file a supplemental complaint. *Marine Ins. Co.* v. *Hodgson*, 6 Cranch, 206, 218. Besides, subsection 87 of the New Mexico Civil Code would seem to be broad enough to cover the question of power. It provides: "A party may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the cause, or praying for any other or different relief, order or judgment." The facts set forth in the supplemental complaint were manifestly not foreign to the Government's original cause of action. In every substantial sense those facts were material. Strictly speaking, they may have constituted new matter, but they did not present a new cause of action. *Jenkins* v. *International Bank of Chicago*, 127 U. S. 484. They grew out of and were connected with the same transaction from which this litigation arose, and were germane to the object of the suit. That object was to restrain the defendants

from constructing and maintaining dams, reservoirs, canals or ditches that would obstruct the navigable portion of the Rio Grande River. If all the grounds of relief set out in the supplemental complaint did not exist when the original complaint was filed, they were alleged to exist when the supplemental complaint was tendered, and being connected with the original cause of action it was right to bring them, in proper form, to the attention of the court when determining whether the Government was entitled to the relief it asked. So the Supreme Court of the Territory held, and so we hold. There was, plainly, no abuse of discretion or of the established rules of practice in permitting the supplemental complaint to be filed. The allowance of amendments of equity pleadings must "at every stage of the cause, rest in the discretion of the court; and that discretion must depend largely on the special circumstances of each case." *Hardin* v. *Boyd*, 113 U. S. 756, 761.

Upon the question of the diligence or want of diligence of the parties, it may be said that the supplemental complaint was tendered at a time when the court was open; the leave to file was given in open court; and the defendant's attorney was served with a copy of that complaint on the very day it was tendered and filed. On this part of the case the Supreme Court of the Territory said that attorneys of record are presumed to be present during terms of the court in which their causes are pending, and in contemplation of law were chargeable with notice of all proceedings transpiring in open court in respect of such causes; also, that "under the facts of this case, counsel are presumed to have been present, and to have such notice as the law requires of matters transpiring in open court on the day on which leave was granted to file the supplemental complaint, and the same was filed and served upon them. *Younge* v. *Broxson*, 23 Alabama, 684; *Sanders* v. *Savage*, 63 S. D. 218. The court was vested with discretion by the last clause of sec. 104, *supra*, [Code of Civil Procedure, as amended by c. 11 of Laws of 1901] which does not seem to have been abused, nor was there any abuse of the general dis-

cretion to allow an amended or supplemental bill in equity conferred upon the courts of the United States, as may be seen by reference to the case of *Berliner Gramophone Co.* v. *Seamon,* 113 Fed. Rep. 750, in which it was held that, 'the granting of leave to file an amended and supplemental bill is a matter within the discretion of the court, and its action will not be reviewed in an appellate court unless there has been a gross abuse of this discretion.'"

The objection that the trial court erred in taking the supplemental complaint for confessed cannot be sustained. That objection was thus properly disposed of by the Supreme Court of the Territory: "There being no error or irregularity in the court's order allowing the supplemental complaint to be filed, the same having been done in open court, and a copy of the same having been served upon one of the attorneys of record on the same day on which it was filed, the statute required an answer or other proper pleading to be filed within twenty days from the date of such filing, and in the event of failure to plead, or secure additional time to plead, neither of which were done in this case, it was perfectly regular for the court to render decree. *Gregory* v. *Pike,* 29 Fed. Rep. 588. Appellants seek to be relieved from their own default by alleging neglect on the part of their attorneys. . . . There being service of a copy of the supplemental complaint upon one of the attorneys of record on the day on which it was filed it was entirely regular for the court to render the decree when applied for 44 days after such service, in the absence of any appearance or pleading by the appellants."

Some stress is laid on the fact that the Government obtained an injunction to prevent the defendants from constructing its reservoir and dam. That fact, it is contended, estops the Government from relying on the five-years' limitation prescribed by the above act of March 3d, 1891, c. 561. But this view is without merit. The preliminary injunction referred to was dissolved July 31st, 1897, and was never reinstated. The supplemental bill was taken as confessed on

May 21st, 1903, and a perpetual injunction was then awarded against the defendants. So that between the dissolution of the preliminary injunction and the granting of the perpetual injunction more than five years elapsed, during which the defendants were not impeded or hindered by any injunction against them. This is sufficient to show that the point just stated is without merit. We need not, therefore, consider the larger question, whether the five-years' limitation prescribed by Congress in the above act of March 3d, 1891, could have been disregarded or enlarged either by the action or nonaction of the parties or by any order of injunction made by the court in the progress of the cause.

There are some minor questions in the case, but they are not of substance and need not be noticed. We perceive no error of law in the record, and the judgment is

*Affirmed.*

MR. JUSTICE McKENNA did not participate in the consideration or determination of this case.