This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36269**

**STATE OF NEW MEXICO ex rel.**
**OFFICE OF THE STATE ENGINEER,**

Plaintiff-Appellee,

v.

**MARGIE GARCIA, OSCAR V. BUTLER,**
**ROSE MARIE ARISPE BUTLER, and**
**SAMMIE SINGH,**

Defendants-Appellants,

and

**ELEPHANT BUTTE IRRIGATION**
**DISTRICT, UNITED STATES OF**
**AMERICA, et al.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James J. Wechsler, District Court Judge**

Nathaniel Chakeres, General Counsel
Richard A. Allen, Special Assistant Attorney General
Sonny Swazo, Special Assistant Attorney General
Santa Fe, NM

for Appellee

Robert Simon
Albuquerque, NM

for Appellants

Barncastle Law Firm
Samantha R. Barncastle
Las Cruces, NM

for Defendant Elephant Butte Irrigation District

Environment and Natural Resources Division
John L. Smeltzer, Assistant Attorney General
Washington, DC

for Defendant United States of America

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    Defendants-Appellants Margie Garcia, et al. (Appellants) appeal from the district court's order dismissing Appellants' claims to water rights in the Lower Rio Grande stream system, asserting multiple errors by the district court. After due consideration of the issues presented, we affirm.[1]

## DISCUSSION

**{2}**    This appeal arises out of an expedited inter se proceeding in the course of a statutory general adjudication of stream system water rights in the Lower Rio Grande Basin (the Lower Rio Grande Adjudication). *See* NMSA 1978, § 72-4-17 (1965) ("In any suit for the determination of a right to use the waters of any stream system, all those whose claim to the use of such waters are of record and all other claimants . . . shall be made parties."). At issue here is the district court's granting of a joint motion filed by the State of New Mexico, the United States of America, and the Elephant Butte Irrigation District (EBID) to dismiss Appellants' claims to water rights derivative of the Rio Grande Dam and Irrigation Company (the Company). New Mexico appellate courts, as well as federal courts, have previously heard numerous appeals related to this matter. *See United States v. Rio Grande Dam & Irrigation Co.* (*Rio Grande Dam II*), 1906-NMSC-013, ¶ 3, 13 N.M. 386, 85 P. 393, *aff'd*, *Rio Grande Dam & Irrigation Co. v. United States* (*Rio Grande Dam III*), 215 U.S. 266 (1909); *Boyd v. United States* (*Boyd I*), No. 96-476L, slip op. at 2 (Fed. Cl. Apr. 21, 1997); *Boyd Estate ex rel. Boyd v. United States* (*Boyd Estate*), 2015-NMCA-018, 344 P.3d 1013; *State ex rel. Off. of State Eng'r v. Boyd* (*Boyd II*), A-1-CA-36291, mem. op. (N.M. Ct. App. June 24, 2021) (nonprecedential). While such previous cases provide ample background on the complex historical context of the relevant proceedings below, we supply a brief explanation of the Company's involvement in the Lower Rio Grande Adjudication, and, crucially, the manner in which Appellants claim their interests derive therefrom.

---

1Multiple motions by the parties in this case were held in abeyance pending submission to a panel. In light of this opinion, all such motions are hereby denied.

**{3}** The origins of this appeal, as well as those previously heard by this Court, date back to the 1890s. As explained in *Boyd Estate*:

> In 1891, an Act of Congress (the 1891 Act) granted rights of way through public lands to irrigation companies. The Company was formed in 1893 to build a network of dams, canals, and reservoirs for irrigation of the area surrounding the Lower Rio Grande. In 1895, the Company received permits from the Secretary of the Interior and began work on the irrigation project.

2015-NMCA-018, ¶ 2 (citations omitted). The Company completed a portion of the intended irrigation project by constructing two diversion dams and one canal but did not complete the full scope of the project, including a dam and reservoir intended for construction at Elephant Butte (the Elephant Butte portion). The United States filed suit against the Company in 1897 to enjoin further work on the Elephant Butte portion of the intended irrigation project claiming that the project interfered with the navigability of the river, and the territorial district court issued a temporary injunction in response. *United States v. Rio Grande Dam & Irrigation Co.* (*Rio Grande Dam I*), 174 U.S. 690, 696-98 (1899). As litigation related to that temporary injunction wended through the courts, including the United States Supreme Court, the United States filed a supplemental complaint with the district court (the 1903 district court) this time alleging that the Company had forfeited its right-of-way by failing to complete the full scope of the intended irrigation projects within the time frame set forth by the 1891 Act. *Boyd Estate*, 2015-NMCA-018, ¶ 5; *see Rio Grande Dam III*, 215 U.S. at 268. "The Company failed to respond to the supplemental complaint and the [1903] district court entered a default judgment [(the forfeiture judgment)], finding that the Company had forfeited its rights to complete the [full scope of the intended irrigation] project and permanently enjoined the Company from attempting to complete the project." *Boyd Estate*, 2015-NMCA-018, ¶ 5.

**{4}** Thereafter, in protest of the forfeiture judgment, the Company presented an affidavit from a Company stockholder named Dr. Nathan Boyd (Dr. Boyd), who asserted that he had not received personal service of the supplemental complaint. *See Rio Grande Dam II*, 1906-NMSC-013, ¶¶ 6-7. The Company argued that because Dr. Boyd had not received personal service, the Company had not been provided proper notice of the proceedings. *See id.* ¶¶ 7, 11, 40. The Territorial Supreme Court held that the lack of personal service was "immaterial," because Dr. Boyd was a party to the litigation in his capacity "as a director . . . or other officer" of the Company, and service was properly made on the Company's attorneys. *Id.* ¶ 44.

**{5}** Over a century later, James Scott Boyd, on behalf of Dr. Boyd's estate (the Boyd Estate), intervened in the present general stream adjudication to assert ownership—as a successor in interest of Dr. Boyd—of allegedly extant private water rights of the Company, which the district court ultimately dismissed on the grounds that (1) the Boyd Estate failed to state a cognizable water rights claim; and (2) the Boyd Estate's claims were barred by res judicata principles. *See Boyd Estate*, 2015-NMCA-018, ¶¶ 1, 7. We affirmed the district court's dismissal of the Boyd Estate's claim, holding that the Boyd

Estate's claim that the Company's original water rights remained extant was unfounded, given that the Company had failed to "diligently carry out its [intended] project to completion." *Id.* ¶¶ 17, 27. We further held that the Boyd Estate was bound by the forfeiture judgment as a matter of res judicata, based on Dr. Boyd's claim that he was a successor in interest to the Company's water rights, which therefore "put[] him in privity with the Company." *Id.* ¶ 26.

{6}     Following our decision in *Boyd Estate*, Appellants in the instant case moved for an expedited inter se proceeding to resolve their own claims to water rights derivative of the Company. Appellants alleged the following facts: sometime before 1893, Appellants' predecessors in interest—farmers who settled the Lower Rio Grande before 1893 (the pre-1893 farmers)—acquired water rights by constructing diversion dams and community irrigation ditches. In 1897—the same year in which the Company was enjoined from completing further work on the Elephant Butte portion of the intended irrigation project—the pre-1893 farmers entered an agreement with the Company to connect their ditches to the Company's already-constructed canal. As a result of connection with the Company's canal, Appellants claimed that the pre-1893 farmers acquired a shared property interest in the Company's work in the form of reciprocal easements or servitudes, as well as by tenancy in common. Appellants further claimed that the Company did not complete the Elephant Butte portion of the irrigation project due to "improper litigation" and "interference and seizure by trespass by the [United States]," and that the rights of the Company "still exist[] and [are presently] held by the Boyd family," with whom Appellants are "interlinked." The State of New Mexico, the United States of America, and EBID filed a joint motion under Rule 1-012(B)(6) NMRA to dismiss Appellants' claims on the grounds that they failed to state a basis for a water right under New Mexico law. In its order granting the motion and dismissing Appellants' claims, the district court found that Appellants' claims were precluded by res judicata, in light of both the forfeiture judgment entered by the 1903 district court and our ruling in *Boyd Estate*. The district court further found that the pre-1893 farmers never acquired property interests in the form of either easements or servitudes in any works of the Company and were not tenants in common therewith under New Mexico law.

{7}     Appellants' principal argument on appeal is that the district court erred in dismissing Appellants' claims under res judicata principles. Indeed, despite such claims having been previously litigated, Appellants argue again that the forfeiture judgment is void because the 1903 district court lacked jurisdiction and the district court erred in disallowing Appellants "the opportunity to collaterally attack" the forfeiture judgment by reasserting allegations of fraud on the court. Appellants contend as well that the district court erred in declining to determine Appellants' claims to additional water rights acquired directly by the pre-1893 farmers—separate from any rights allegedly derived from the Company, and by failing to view facts in the light most favorable to Appellants.

{8}     We review the district court's dismissal of Appellants' claims de novo. *See Boyd Estate*, 2015-NMCA-018, ¶ 11. "A motion to dismiss under Rule 1-012(B)(6) merely tests the legal sufficiency of the complaint, by inquiring whether the complaint alleges facts sufficient to establish the elements of the claims asserted." *Schmidt v. Tavenner's*

*Towing & Recovery, LLC*, 2019-NMCA-050, ¶ 5, 448 P.3d 605 (alterations, internal quotation marks, and citation omitted). "Under this inquiry, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted." *Id.* (internal quotation marks and citation omitted).

## I.     Res Judicata

**{9}**    Appellants' assertions regarding res judicata and the forfeiture judgment amount to yet another request for this Court to overturn critical decisions that have been in place from 1906 until as recently as 2021. *See Rio Grande Dam II*, 1906-NMSC-013, ¶ 3 (affirming a default judgment of the Company's claims based on the forfeiture of rights to complete the Elephant Butte portion of the irrigation project and the granting of a permanent injunction of the right to complete its projects); *see also Boyd I*, No. 96-476L, slip op. at 3 (rejecting the Boyd Estate's taking claim regarding the irrigation rights and claim of fraud based on the statute of limitations and lack of jurisdiction as to the fraud claims); *Boyd Estate*, 2015-NMCA-018, ¶ 8 (rejecting the Boyd Estate's claims to water rights in the inter se proceeding based on a failure to state a cognizable claim to the water rights, fraud, and conspiracy and also concluding his claims were barred by res judicata); *Texas v. New Mexico*, ___ U.S. ___, 140 S. Ct. 815 (2020) (mem.) (denying the Boyd Estate's motion to intervene in a dispute about the apportionment of water of the Rio Grande); *Boyd II*, A-1-CA-36291, mem. op. ¶ 1 (affirming the district court's order striking the Boyd Estate's Form B notice of intent to participate in a stream system issue and concluding that the Boyd Estate's related claims to water rights were precluded by res judicata).

**{10}**    Appellants argue that the district court deprived them of "the opportunity to collaterally attack" the forfeiture judgment by declining to entertain allegations that the forfeiture judgment was "fraudulent" and "was a nullity and a void and invalid judgment." In *Boyd Estate*, the Boyd Estate contended—as Appellants do in the instant case—"that because the forfeiture action was the direct result of conspiracy and fraud by the United States and the Company's attorneys, it is invalid." 2015-NMCA-018, ¶ 18. We concluded that the Boyd Estate did not "have a cause of action for fraud against the United States in state court," and that the Boyd Estate's "claims of conspiracy and fraud are irrelevant and are unsupported by the record." *Id.* ¶ 20. The district court explained as much in its order, finding as well that Appellants did "not offer any additional facts that would undermine" our holding regarding fraud in *Boyd Estate*. We agree with the district court in this regard—Appellants fail to provide any support for their reiterated claims of fraud and fail to demonstrate that our previous rulings on this issue should not apply to their claims.

**{11}**    Similarly, Appellants argue that the forfeiture judgment is void because the 1903 district court lacked jurisdiction. As the district court aptly explained in its order, the Company first raised the issue of the 1903 district court's jurisdiction on appeal with the Territorial Supreme Court in *Rio Grande Dam II*, arguing that the 1903 district court did not have the jurisdiction to issue the forfeiture judgment. 1906-NMSC-013, ¶ 36. There,

the Territorial Supreme Court held that the 1903 district court "undoubtedly had jurisdiction both of the parties and the subject[ ]matter of the action throughout the prior proceedings." *Id.* ¶ 37. The United States Supreme Court affirmed the Territorial Supreme Court's judgment. *Rio Grande Dam III*, 215 U.S. at 278. On appeal, Appellants fail to provide any support for their reiterated claims of lack of jurisdiction by the 1903 district court and fail to demonstrate that our previous rulings on this issue should not apply to their claims.

{12}    "Res judicata is a judicially created doctrine designed to promote efficiency and finality by giving a litigant only one full and fair opportunity to litigate a claim and by precluding any later claim that could have, and should have, been brought as part of the earlier proceeding." *Potter v. Pierce*, 2015-NMSC-002, ¶ 1, 342 P.3d 54. "The party asserting res judicata must satisfy the following four requirements: (1) the parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits." *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87 (alteration, internal quotation marks, and citation omitted). "The purpose of res judicata is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Chaara v. Lander*, 2002-NMCA-053, ¶ 10, 132 N.M. 175, 45 P.3d 895 (internal quotation marks and citation omitted). "[W]e review the legal issue presented by the district court's application of res judicata de novo." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 3, 139 N.M. 637, 137 P.3d 577.

{13}    Of the four factors required to establish res judicata, the first—whether the parties are the same—is the only factor that requires meaningful analysis. Indeed, as stated by the district court and reflected throughout the record, Appellants' "claims are related in time, space, and origin to the 1903 forfeiture [judgment] and subsequent appellate litigation," thus satisfying the second factor of whether the cause of action is the same. Appellants fail to demonstrate otherwise on appeal. Regarding the third factor of finality, the forfeiture decree is unambiguously a final judgment, as are the opinions resulting from the related appellate litigation. Further, the forfeiture judgment and the ongoing appellate litigation were unambiguously on the merits, satisfying the fourth factor. Again, Appellants fail to demonstrate otherwise on appeal. Our inquiry therefore centers on whether Appellants are in privity with the Company, and alternatively with Dr. Boyd and the Boyd Estate, such that they represent the same legal right and would be considered the same party for res judicata purposes. *See Boyd Estate*, 2015-NMCA-018, ¶ 25 (explaining that "[p]rivity may exist where the parties have a concurrent relationship to the same property right or a successive relationship to the same property or right." (internal quotation marks and citation omitted)).

{14}    As the district court explained in its order, Appellants' "claims depend upon a privity of interest between the [pre-1893] farmers and the Boyd family and/or the Company." The very nature of Appellants' claims places them in privity with the Company: they allege they are successors in interest to the pre-1893 farmers, and further allege that the pre-1893 farmers were tenants in common with the Company with

respect to the Company's assets. As explained by the district court, "Claimants are asserting a successive right to the [pre-1893] farmers' alleged interests in the Company's project assets, which places them in privity with the Company for purposes of res judicata." Further, to the extent that Appellants rely on a property interest from Dr. Boyd or the Boyd Estate, we have already concluded in *Boyd Estate* that Dr. Boyd and the Company were in privity. 2015-NMCA-018, ¶ 26. Thus, under such authority, Appellants are in privity with Dr. Boyd and the Boyd Estate based on their own respective privity with the Company. Having previously concluded that the forfeiture judgment was not fraudulent and was validly applied to the Company to extinguish any property rights, under principles of res judicata, we further conclude that the forfeiture judgment likewise validly applies to Appellants' claims as it did to the Company, Dr. Boyd, and the Boyd Estate. We therefore discern no error in the district court's finding that res judicata applied to bar Appellants' claims.

## II.     Remaining Issues

**{15}**    In addition to their arguments resolved above, Appellants contend that the district court erred in declining to determine Appellants' claims to additional water rights acquired directly by the pre-1893 farmers—separate from any rights allegedly derived from the Company, and by failing to view facts in the light most favorable to Appellants. Regarding the first of these two remaining issues, Appellants assert in the final section of their brief in chief that by denying Appellants the opportunity to collaterally attack the forfeiture judgment, the district court "failed to determine" whether the pre-1893 farmers appropriated additional water rights, separate from any allegedly derived from the Company. We decline to further review this issue, given that—as stated by the district court—any separate water rights appropriated by the pre-1893 farmers were not at issue in the underlying inter se proceeding from which this appeal originated.

**{16}**    Regarding the second of these remaining issues, Appellants argue the district court was obligated to view facts in the light most favorable to their position under a summary judgment standard of review. The motion to dismiss granted by the district court, however, was under Rule 1-012(B)(6). Under such rule, the district court was obligated to assume all factual allegations were true, but was not required to accept Appellants' asserted conclusions of law as related to such facts. *Schmidt*, 2019-NMCA-050, ¶ 5. Following our thorough review of the record and briefing herein, we conclude that Appellants have failed to demonstrate any error by the district court in its application of such standard of review.

## CONCLUSION

**{17}**    For the above reasons, we hold there to be no error by the district court in granting the joint motion to dismiss Appellants' claims and affirm.

**{18}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**