**Joe REIMER, Appellant,**

v.

**Thomas R. and Frieda SCOTT, Appellee.**

**No. A14–83–070CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1984.
Rehearing Denied March 22, 1984.

Joe Reimer, pro se.

Andrew Wooley, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Joe Reimer (Reimer or appellant) appeals from a judgment in favor of Frieda Scott and the estate of Thomas R. Scott (the Scotts or appellee). In his suit Reimer sought to enforce a contract for sale of real estate. He alternatively sought enforcement of either a contract entered into in March 1970, or one entered into in October 1975. The trial court directed a verdict, finding from undisputed evidence that suit under the 1970 contract was barred by res judicata, and that the 1975 contract was a novation.

Judgment was rendered on a jury verdict which awarded the Scotts title and possession to the tract of land, $26,454.00 for use and occupancy of the land, $5,000.00 exemplary damages, and $31,000.00 attorneys' fees. The judgment was based in part upon a partial summary judgment rendered previously. No statement of facts has been filed. The appeal has proceeded upon the transcript only.

In seven points of error appellant asserts the trial court lacked jurisdiction of the case; that the partial summary judgment, the directed verdict, and jury verdict were in error; that evidence was improperly admitted; and that a motion for continuance was improperly denied.

Appellant claims the trial court lacked jurisdiction because on May 16, 1980, the judged signed a conditional order prospectively dismissing the case. The order stated the case would be dismissed if not tried by October 1, 1980. On October 3, 1980, the judge signed an order which acknowledged the suggestion that Thomas R. Scott had died and ordered the case continued. On March 10, 1981, the parties were granted a joint motion to retain the cause on the docket. Appellant participated in another joint motion to retain and filed an amended petition with the court before proceeding to trial in September of 1982.

This sequence of events did not cause the case to be dismissed. The original order of May 16, 1980 was conditional and interlocutory. An interlocutory order is not final, and does not terminate the jurisdiction of the trial court. An order is final if it permanently adjudicates some substantial right and does not lead to further hearing on the issue. *Meek v. Hart*, 611 S.W.2d 162, 163 (Tex.Civ.App.—El Paso 1981, no writ). An order containing a condition will lead to further hearing, or at least to a subsequent order. The order was also interlocutory because it did not dispose of the Scotts' cross-complaint. An order or judgment cannot be final unless it expressly or impliedly disposes of cross-complaints. *Davis v. McCray Refrigeration Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377, 378 (1941). The trial court had jurisdiction of the case.

Reimer also argues the trial court lost jurisdiction due to his own attempted removal of the case to federal court. When Reimer attempted to remove the case, the United States District Court promptly remanded the case and the state court proceeded to trial. Appellant claims the state proceedings were automatically stayed under TEX.R.CIV.P. 237(a) and FED.R.CIV.P. 62(a). Rule 237(a) does not apply to this case. Its purpose is to protect defendants who have not filed an answer from default. The order of remand terminates the jurisdiction of the federal court and immediately restores the jurisdiction of the state court. *Brown v. State Farm Mutual Automobile Insurance Co.*, 449 S.W.2d 93, 96 (Tex.Civ.App.—Fort Worth 1969, no writ). Rule 62(a) does not apply to

this case because it is limited by 28 U.S.C. § 1447(c) which allows a state court to proceed when an action is improvidently removed.

In this discussion it should also be noted that Reimer is estopped from denying jurisdiction. Through his motions to retain, and his amended petition, Reimer invoked the jurisdiction of the trial court. He cannot now attack that court's jurisdiction. *Spence v. State National Bank of El Paso*, 5 S.W.2d 754, 756 (Tex.Com.App.—1928, judgmt adopted).

 Appellant's points of error with respect to the partial summary judgment, the directed verdict, and the jury verdict failed to provide argument and authority as required by TEX.R.CIV.P. 418. Appellant's assertions are general, vague, and multifarious. *Mossler v. Texas Commerce Bank, National Assoc.*, 640 S.W.2d 702, 703 (Tex.App.—Houston [14th Dist.] 1982, no writ).

Furthermore, there is no evidence in the transcript to support the assertions made by appellant in these points of error. The material in the transcript supports the summary judgment, directed verdict, and jury verdict. There is no indication in the transcript that evidence was improperly admitted, nor that a motion for continuance was improperly denied. The partial summary judgment was based upon answers to interrogatories, admissions, and depositions. The directed verdict is supported by the pleadings and documents in the transcript, and the jury verdict was based upon a full trial on the merits.

Since appellant did not file a statement of facts, we must assume these verdicts, and the judgment, were correct. *DeBell v. Texas General Realty, Inc.*, 609 S.W.2d 892, 893 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Neither can we assume that evidence was improperly admitted, nor that a motion for continuance was improperly denied. Harmful reversible error is not presented for review.

Appellant's seven points of error are overruled. The judgment of the trial court is affirmed.