583 So.2d 864 (1991)
CITIZENS BANK & TRUST COMPANY
v.
A.E. CARR, Jr., Evella Carr and Jacqueline Carr.
No. 90 CA 0587.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Writ Denied November 1, 1991.
*865 Jacqueline Carr, pro se.
Julian J. Rodrigue, Jr., Covington, for plaintiff-appellee.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
On January 9, 1990, Judge Remy Chiasson, sitting for the 22nd Judicial District Court in and for the Parish of St. Tammany, rendered a judgment of eviction against A.E. Carr, Jr., Evella Carr, and Jacqueline Carr and in favor of Citizens Bank and Trust Company (Citizens). All three defendants suspensively appealed, but the appeals of A.E. Carr, Jr. and Evella Carr were dismissed on grounds of abandonment for failure to post estimated costs within the delays allowed by law. Ms. Jacqueline Carr was granted the right to proceed in forma pauperis, and it is solely her appeal[1] which we now consider.
The prolonged scenario of this case began in January of 1985 when Citizens made a $100,000 loan to Ms. Carr and took a collateral mortgage on her home located at 323 Carr Drive, Slidell, Louisiana. Ms. Carr defaulted on the payments in October of 1985. Since then the property has been the subject of litigation.
Ms. Carr's appeal poses two issues: first, whether the judgment of eviction is null because the order setting the rule for hearing was signed by a district court judge who had recused himself; second, whether the judgment of eviction is null because the state district court lacked jurisdiction.
Citizens filed the eviction in the 22nd Judicial District Court on December 7, 1989, and the matter was allotted to Judge Brady Fitzsimmons. On the court's own motion, Judge Fitzsimmons recused himself for cause. Thereafter, the rule for eviction was re-set for January 9, 1990, before Judge Chiasson, with Judge Fitzsimmons's signature on the docketing order.
Despite Ms. Carr's argument to the contrary, we do not find that the rule for eviction and the ensuing judgment were tainted in any way by the fact that the hearing date was set by a recused judge. Ms. Carr has not demonstrated that she was prejudiced by Judge Fitzsimmons's performance of this purely ministerial function. Further, by appearing at the hearing without objection, Ms. Carr waived any defect in the proceeding which may have resulted from Judge Fitzsimmons's signing of the order resetting the hearing. Accordingly, we conclude that this assignment of error is without merit.
It is unnecessary for us to give the entire history of this case in both state and federal courts. The only filing pertinent to today's decision is Ms. Carr's attempt to remove the eviction from the 22nd Judicial District Court to the federal court for the Eastern District of Louisiana, in Civil Action No. 89-5360. The federal court remanded.
After the remand, Judge Chiasson heard the eviction rule on January 9, 1990, and rendered judgment in favor of Citizens. He did not give written reasons for judgment.
At the eviction hearing Citizens introduced evidence of the deed conveying title to the Carr Street property from the bankruptcy trustee to Citizens by act dated July 27, 1989, and recorded in COB 1393, folio 503 of the records of St. Tammany Parish. The bank also introduced the Notice to Vacate (see LSA-C.C.P. art. 4701, et seq.) and presented testimony that the defendants failed to vacate the premises. The defendants presented no proof refuting the bank's evidence or showing that the defendants *866 were entitled to occupancy of the premises.
Ms. Carr concentrated her defense to the eviction on the proposition that the state trial court lacked jurisdiction because the federal statute providing for remand had not been complied with and on the fact that she had appealed the federal decisions to the United States Court of Appeals for the Fifth Circuit. Neither is a viable defense to the eviction.
We have reviewed the record of the eviction hearing and find no error in the trial court's ruling that the true copy of the order of remand from the United States District Court was sufficient. It is true that 28 U.S.C. § 1447 provides that a certified copy of the order of remand shall be mailed by the federal court clerk to the clerk of the state court. However, it has been held that this provision must be strictly construed against removal, with all doubts resolved in favor of remand. Baucom v. Pilot Life Ins. Co., 674 F.Supp. 1175, 1178 (M.D.N.C.1987). Consistent with this principle, it was not error for the trial court to base its finding of reinstated jurisdiction on a true copy of the remand order provided by counsel instead of a remand order mailed by the federal court clerk. The action of a court entering an order of remand, and not the action of a clerk in mailing a copy of the order, determines the vesting of jurisdiction. See FDIC v. Santiago Plaza, 598 F.2d 634 (1st Cir.1979). This aspect of Ms. Carr's defense is without merit.
Ms. Carr defends the eviction on the basis of two appeals to the United States Court of Appeals for the Fifth Circuit. The provision of 28 U.S.C. § 1447(d) is pertinent to Ms. Carr's claim that she appealed the federal district court's decision to remand the eviction proceeding to the state court. The statute provides:
An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 (civil rights claim) shall be reviewable by appeal or otherwise.
After review of the instant record, we agree with the trial judge that Ms. Carr's submission of the "Notice of Appeal" signed by herself was insufficient to show that the case fell within an exception to section 1447(d). Since the section prohibits appellate review of an order of remand, the reinstatement of state court jurisdiction by the remand in Civil Action No. 89-5360 was effective and was not barred by appeal.[2]
Finally, Ms. Carr argues that she appealed the bankruptcy court's order allowing the property to be deeded to Citizens. Again we agree with the trial judge; the propriety of the action of the bankruptcy court was not before him in the eviction proceeding.
Louisiana's statutory scheme for eviction (LSA-C.C.P. art. 4701, et seq.) was designed to give landowners the right to oust occupants without the burdensome expense and delay required by a petitory action. Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir.1980). Eviction by summary procedure is available for the eviction of an "occupant" after the purpose of the occupancy has ceased. LSA-C.C.P. art. 4702. A former owner is an "occupant." LSA-C.C.P. art. 4704.
A summary action for eviction involves the single issue of whether the owner is entitled to possession of the premises. Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925). An occupant cannot defeat the owner's right to summary action for eviction by injecting therein issues foreign to the one issue involved and thereby converting the summary proceeding into an ordinary proceeding. See Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1st Cir.1977). In Vicknair we ruled that the lessee could not assert as a defense to *867 the summary eviction proceeding any flaws in the owner's title.
Consequently, any flaws in Citizens's title to the property formerly owned by Ms. Carr is a matter for the federal appellate court reviewing the bankruptcy court's order. In the state court eviction proceeding Citizens presented a prima facie case of ownership by entering its recorded deed. Any allegations on the part of Ms. Carr that Citizens cannot act on the judgment it obtained in the bankruptcy court are insufficient to bar Citizens's right to eviction. Ms. Carr's arguments do not amount to proof of a pending suspensive appeal of the bankruptcy order. Anything short of a suspensive appeal, such as a pending devolutive appeal of a related judgment, does not bar the owner from proceeding with summary eviction proceedings. See Skannal v. Jones, supra.
Since Ms. Carr failed to present an adequate defense to the rule for eviction, we find no error on the part of the trial court in granting the eviction to Citizens. Appellant is cast for costs of this appeal.
AFFIRMED.
NOTES
[1] On May 24, 1990, this Court dismissed appellant's suspensive appeal, maintaining the appeal as devolutive. On July 20, 1990, the Louisiana Supreme Court denied writs on the dismissal of the suspensive appeal.
[2] Even if the district court's decision were appealable, the state court continues to have jurisdiction pending the appellate court's decision. When a party attempts to appeal a remand judgment, further state proceedings are proper unless the appellant obtains a stay of the state proceedings. Fosdick v. Dunwoody, 420 F.2d 1140 (1st Cir.1970).