889 P.2d 204

STATE of New Mexico ex rel., VILLAGE OF LOS RANCHOS DE ALBUQUER-QUE, Kenneth M. Bull, Beverley Bull, Bill Douglas, Barbara Douglas, Beverly Goss, Frederick Gurule, Patricia Gurule, Robert Hall, Lorna Hall, Larry Harris, Terrence Keyes, Janice Keyes, David Mc-Arthur, Beverley McArthur, Maureen McGuinness, George Patterson, Connie Patterson, R.D. Robinett Jr., Dorothy Robinett, Richard Robinson, Nancy Robinson, Katherine Rust, Lois Seibel, Tom Sorensen, Joann Sorensen, John Ulrich, Lisa Ulrich, Jack Whitten, and Stella Whitten, Plaintiffs–Appellants,

v.

CITY OF ALBUQUERQUE,
Defendant–Appellee.

No. 13570.

Court of Appeals of New Mexico.

Dec. 1, 1993.

Certiorari Granted Jan. 20, 1994.

William G. Walker, Walker & van Heijenoort, Albuquerque, for plaintiffs-appellants.

David S. Campbell, City Atty., Edward R. Pearson, Asst. City Atty., Albuquerque, for defendant-appellee.

**OPINION**

BLACK, Judge.

On April 4, 1989, the Village of Los Ranchos de Albuquerque together with various individuals ("Plaintiffs") filed suit challenging the City of Albuquerque's ("the City") Montaño Bridge project ("the project"). Plaintiffs sought to enjoin the construction of the bridge and sought an award for damages resulting from the project. Plaintiffs appeal from a judgment dismissing their complaint. They allege error in the denial of their motion for leave to file a second amended complaint, error in the dismissal of all of their nuisance theories, error in the dismissal of individual plaintiffs' claims for nuisance damages, and that the New Mexico Prehistoric and Historic Sites Preservation Act, NMSA 1978, §§ 18–8–1 to –8 (Repl.Pamp.1991) ("PHSPA"), is applicable to the project. The Plaintiffs also contend that New Mexico state courts lacked jurisdiction during significant portions of the proceedings in this case.

We hold that the New Mexico state courts had jurisdiction, and we affirm the state district court's dismissal of Plaintiffs' nuisance per se claim and any claims under PHSPA based on actions that took place prior to its effective date. However, we believe the district court may have misapprehended the scope of our decision in the prior interlocutory appeal, *City of Albuquerque v. State ex rel. Village of Los Ranchos*, 111 N.M. 608, 808 P.2d 58 (Ct.App.1991), *cert. denied*, 113 N.M. 524, 828 P.2d 957 (1992). We hold that the district court erred in dismissing the complaint to the extent that the asserted claims were based on allegations of nuisance in fact and failure to comply with requirements of the Rio Grande Valley State Park Act, NMSA 1978, §§ 16–4–9 to –17 (Repl. Pamp.1987), the Wildlife Conservation Act, NMSA 1978, §§ 17–2–37 to –46 (Repl. Pamp.1988), and any other applicable statute, regulation, or ordinance. Accordingly, we reverse and remand.

I. *PROCEDURAL HISTORY*

On April 17, 1989, Plaintiffs filed a motion for a preliminary injunction. The City removed the action to federal district court,

and, on May 17, 1989, the federal district court remanded the case to the state district court. On the docket of the federal district court, the federal court clerk entered the remand order followed by the notation "FINAL ENTRY". Plaintiffs then filed the remand order with the state district court along with an application for a temporary restraining order, which was granted by the state district court. After six days of hearings, the state district court entered an order for a preliminary injunction, and, in August 1989, certified several questions to this Court for interlocutory appeal. This Court granted the application for interlocutory appeal, held that the preliminary injunction was improvidently issued, and remanded for further proceedings consistent with the opinion. After remand, Plaintiffs sought to amend their complaint. The state district court concluded it "acquired jurisdiction only to dismiss this action pursuant to the directions of the Court of Appeals in its decision and mandate[,]" and that it therefore "lack[ed] jurisdiction to grant [Plaintiffs'] motion to file a Second Amended and Supplemental Complaint or to consider new evidence[.]"

Plaintiffs argue that because the federal court clerk failed to mail the remand order to the state court clerk until October 4, 1991, all state court action prior to that time is invalid. Plaintiffs further argue that the state district court erred in interpreting our mandate from the previous interlocutory appeal to conclude it had no jurisdiction to consider their motion for leave to file a second amended supplemental complaint and in determining that Plaintiffs' claim for nuisance in fact must be dismissed.

## II. *JURISDICTION OF THE STATE COURTS*

We initially address Plaintiffs' assertion that the state courts did not have jurisdiction between the date the City filed its removal petition, April 17, 1989, and the date the federal court clerk actually mailed the certified copy of the remand order, October 4, 1991. Plaintiffs set forth the following factual predicates for this argument: (1) the City filed a motion for removal to federal district court on April 17, 1989; (2) the motion to

remand, on which the federal court clerk noted the entry of the remand order as the "FINAL ENTRY" on the docket sheet in federal court, was granted on May 17, 1989; and, (3) the notice of remand was not mailed to the state district court until October 4, 1991.

Plaintiffs rely on 28 U.S.C. § 1447(c) (1988) to argue that a state court may not proceed until after the certified copy of the remand order is actually mailed by the federal court clerk. It is true that section places a duty on the federal court clerk to mail the certified copy of the remand order to the state court clerk and states that "[t]he State court may *thereupon* proceed with such case." (Emphasis added.) However, the provisions of 28 U.S.C. § 1447 must be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and all doubts must be resolved in favor of remand, *Baucom v. Pilot Life Ins. Co.*, 674 F.Supp. 1175, 1178 (M.D.N.C.1987). *See also Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982) (all doubts resolved against removal). Therefore, we cannot agree with Plaintiffs' conclusion that all filings in state court before the October 1991 date of mailing "are, as a matter of law, void."

Courts confronted with this situation have recognized that the actions of a federal judge in signing and entering a remand order authorize subsequent state court actions even when the federal court clerk fails to mail the remand order to the clerk of the state court. *Citizens Bank & Trust Co. v. Carr*, 583 So.2d 864, 866 (La.Ct.App.) ("The action of a court entering an order of remand, and not the action of a clerk in mailing a copy of the order, determines the vesting of [state court] jurisdiction."), *cert. denied*, 588 So.2d 109 (La.1991); *Reimer v. Scott*, 666 S.W.2d 384, 385 (Tex.Ct.App.) ("The order of remand terminates the jurisdiction of the federal court and immediately restores the jurisdiction of the state court."), *writ dismissed for want of jurisdiction*, (June 13, 1984); *cf. Van Ryn v. Korean Air Lines*, 640 F.Supp. 284, 285 (C.D.Cal.1985) (state court's jurisdiction probably vests as soon as the federal court orders remand). Actions taken

by state courts after the execution and entry of a remand order are, therefore, valid. *First State Bank v. Leffelman,* 167 Ill.App.3d 362, 118 Ill.Dec. 127, 130, 521 N.E.2d 195, 198 (1988); *State v. Matzke,* 236 Kan. 833, 696 P.2d 396, 400–01 (1985) (per curiam); *Brown v. State Farm Mut. Auto. Ins. Co.,* 449 S.W.2d 93, 96 (Tex.Civ.App.1969).

■ Recognizing the validity of state court action prior to the state court's official receipt of the federal remand order through the mail is particularly appropriate when a copy of the remand order was provided to the state court by counsel, as is true in the case at bar. *See Citizens Bank & Trust Co.,* 583 So.2d at 866. Indeed, it appears particularly unseemly for Plaintiffs first to have filed the remand order to induce the state district court to grant a temporary restraining order and then to attack the state court's jurisdiction after the preliminary injunction is reversed on appeal. *Cf. Reimer,* 666 S.W.2d at 386 (on similar facts, counsel estopped to deny jurisdiction).

■ Finally, if Plaintiffs' premise that the state courts lacked jurisdiction between the execution of the remand order by the federal judge (May 17, 1989) and the date such order was actually mailed (October 4, 1991) was correct, the result would be to invalidate not only the preliminary injunction granted by the state district court, but also this Court's interlocutory review. Nevertheless, Plaintiffs use this "jurisdictional hiatus" to argue that, since the City had not filed an answer to the complaint at the time of removal, although the City did file an answer in federal court while the federal district court had jurisdiction, Plaintiffs are entitled to file an amended complaint as of right under SCRA 1986, 1–015 (Repl.Pamp.1992). It is generally recognized that pleadings filed in federal court, while the federal court has jurisdiction, become part of the state court record on remand. *See Laguna Village, Inc. v. Laborers Int'l Union of N. Am., Local Union No. 652,* 35 Cal.3d 174, 197 Cal.Rptr. 99, 104, 672 P.2d 882, 887 (1983); *Teamsters Local 515 v. Roadbuilders, Inc.,* 249 Ga. 418, 291 S.E.2d 698, 701 (1982). Therefore, Plaintiffs are not entitled to file an amended complaint as of right.

## III. SCOPE OF THE OPINION IN THE PRIOR APPEAL

In the prior appeal we addressed whether the project could be enjoined as a nuisance per se and whether PHSPA had any impact on Plaintiffs' action. Our primary holding was that the project did not constitute a nuisance per se, and it was therefore error to enjoin construction on that theory. *City of Albuquerque,* 111 N.M. at 614–15, 808 P.2d at 64–65.

In our prior opinion we held that the nuisance per se concept has no application to public works projects which have complied with all legal prerequisites. *Id.* at 612, 808 P.2d at 62. In regard to Plaintiffs' claims of nuisance in fact, we recognized that while the legal theory is applicable, "the mere possibility that injury may result from a public works project undertaken pursuant to the City's statutory authority does not constitute a proper basis for issuance of an injunction[.]" *Id.* at 615, 808 P.2d at 65. Although we also said that, "[o]n the record before us, we find no basis for a finding of nuisance in fact," and "[t]he district court should have granted the City's motion for summary judgment and dismissed Count I of the complaint," *id.,* it is now clear that there was no summary judgment motion pending at the time of the district court's prior decision or the prior appeal. In regard to the effect of PHSPA on Plaintiffs' action, we held that PHSPA did not apply to "the stages of the construction project for which planning has been completed and which the City had already obtained necessary state and federal approval to construct prior to the effective date of the PHSPA." *Id.* at 610, 808 P.2d at 60.

## IV. DISTRICT COURT ACTION AFTER REMAND

On April 8, 1991, this Court remanded the matter to the district court with directions to vacate the injunction and for "further proceedings consistent with this opinion." *Id.* at 619, 808 P.2d at 69. The district court then held a hearing to obtain the views of counsel as to the effect of this Court's opinion and mandate. The district court issued a decision describing the complicated history of the

case and expressing concern that this Court may have misapprehended the legal basis for the preliminary injunction. The district court concluded that "a municipality, so long as it is acting lawfully, may be enjoined from an activity only if the *operation or maintenance* of that activity causes a public nuisance." (Emphasis in original.) Insofar as the district court's language would eliminate all possibility of injunctive relief against irreparable injury which may occur during construction, it may be too narrow. Nevertheless, the district court correctly interpreted our prior opinion to require Count I of Plaintiffs' complaint, based on nuisance per se, to be dismissed for failure to state a cause of action.

The district court then considered Plaintiffs' PHSPA claim and concluded our prior opinion held that the claims under PHSPA were barred because that law "became effective after planning was complete and the City had received authorization and approval to construct the project." The district court, however, went on to consider whether new evidence proved one of the authorizations required from the State Historic Preservation Officer was not final at the time PHSPA took effect. The district court concluded that the additional evidence only called for "the commencement of consultation on the mitigation measures and establishment of new mitigation measures, if the current measures are ultimately rejected by the preservation officer." The district court correctly interpreted our opinion with regard to Plaintiffs' PHSPA claims.

On August 22, 1991, Plaintiffs submitted a motion for leave to file a second amended complaint with complaint attached. Plaintiffs sought to amend the complaint to seek injunctive relief based on the City's alleged failure to comply with the requirements of the Rio Grande Valley State Park Act. The attached complaint alleged specifically that the City failed to include in the operating plan measures to minimize adverse impact, in violation of the Rio Grande Valley State Park Act. Plaintiffs further sought to amend Count I of the complaint to state that the City "will be violating the common law and the Public Nuisance Act by creating a public

nuisance in fact, and by acting unlawfully in the creation of a public nuisance in fact and/or a public nuisance per se by violating, inter alia[,] the Rio Grande Valley State Park Act and the New Mexico Wildlife Conservation Act." (Citations omitted.)

After considering briefs and oral argument, the district court entered findings of fact and conclusions of law. The district court concluded that it lacked jurisdiction to grant Plaintiffs' motion to file a second amended complaint or to consider new evidence on Plaintiffs' causes of action. Consequently, the district court denied Plaintiffs' motion.

## V. DISCUSSION OF ISSUES ON CURRENT APPEAL

Our previous opinion disposed of only those issues that were directly before us: Plaintiffs' legal claims premised on nuisance per se; the effect of the PHSPA; and whether the facts before the court at that time supported the grant of a preliminary injunction. Moreover, since the case was previously before us on interlocutory appeal, on remand the district court was free to hear any matters, including new claims, not inconsistent with our previous opinion. *See United States v. Rio Grande Dam & Irrigation Co.*, 13 N.M. 386, 401, 85 P. 393, 397 (1906), *aff'd*, 215 U.S. 266, 30 S.Ct. 97, 54 L.Ed. 190 (1909); *see also Resolution Trust Corp. v. Binford*, 114 N.M. 560, 562, 844 P.2d 810, 812 (1992) (trial court not precluded from considering issues not decided by Supreme Court on interlocutory appeal).

### A. Statutory Claims

■ Our prior decision did not preclude Plaintiffs from seeking judicial review of the City's compliance with the myriad public hearings and regulatory approvals required on a significant public highway project. Construction of a segment of public highway can impact numerous interests which are protected by statutes, ordinances, or regulations. While the duty to decide where a road or bridge will be located is a policy decision and therefore appropriately discretionary, public officials must grant each hearing and consider all evidence required by law before exer-

cising such discretion. *See, e.g., Coalition for Responsible Regional Dev. v. Coleman,* 555 F.2d 398 (4th Cir.1977); *Orange County v. North Carolina Dep't of Transp.,* 46 N.C.App. 350, 265 S.E.2d 890 (1980). Thus, while the New Mexico courts will not apply the law of nuisance per se to block the construction of public works projects which have met all federal, state, and local legal requirements, nothing in our prior opinion prevents Plaintiffs from seeking relief premised on the City's failure to comply with all the applicable requirements of the Rio Grande Valley State Park Act, the New Mexico Wildlife Conservation Act, or any other applicable statute, regulation, or ordinance. In this connection, we cannot at this point review the City's contentions that these acts do not apply as a matter of law. More factual development is necessary before such a decision can be made.

### B. *Nuisance in Fact Claim*

 Our prior decision found that the evidence in the record at that time was not adequate to support a claim of nuisance in fact sufficient to warrant a preliminary injunction. *City of Albuquerque,* 111 N.M. at 615, 808 P.2d at 65. However, the decision did not preclude the possibility Plaintiffs could allege a cause of action premised on nuisance in fact. Even though the project had complied with all applicable laws and met all regulatory requirements, it is possible Plaintiffs could convince the district court that a nuisance will occur in the construction, operation, or maintenance of the project. The district court may, in its discretion, permit Plaintiffs to allege sufficient facts to show the project will become a nuisance in fact. *Cf. Koeber v. Apex–Albuq Phoenix Express,* 72 N.M. 4, 6, 380 P.2d 14, 16 (1963) (construction of a truck terminal not a nuisance per se because not a nuisance under any and all circumstances, but record showed that it was highly probable that the terminal would become a nuisance, and, as such, was a nuisance in fact). Finally, once the project is under construction or is in operation, Plaintiffs are not legally precluded from seeking relief if they can prove its construction, operation, or maintenance constitutes a nuisance in fact. We must note, however, while such a claim could be the basis for an injunction, the courts have used this remedy sparingly when it would interfere with publicly authorized and regulated projects. *See Loma Portal Civic Club v. American Airlines, Inc.,* 61 Cal.2d 582, 39 Cal.Rptr. 708, 712–13, 394 P.2d 548, 552–53 (1964) (en banc) (state policy against interference by the injunctive process with beneficial public airline flights); *see also Northeast Phoenix Homeowners' Ass'n v. Scottsdale Mun. Airport,* 130 Ariz. 487, 493, 636 P.2d 1269, 1275 (1981) (operation of airport by municipality not subject to state common-law injunctive powers).

### VI. *CONCLUSION*

We affirm the district court's dismissal of the nuisance per se aspects of Count I of Plaintiffs' complaint and its refusal to permit amendment of the complaint to seek an injunction based upon a theory of nuisance per se. We remand to the district court for its consideration of Plaintiffs' request to state a cause of action based upon additional evidence of nuisance in fact and the City's alleged failure to comply with the requirements of the Rio Grande Valley State Park Act, the Wildlife Conservation Act, or any other applicable statute, regulation, or ordinance.

IT IS SO ORDERED.

DONNELLY and PICKARD, JJ., concur.