cv4-092.dra 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00092-CV







Kirk Wayne McBride, Appellant



v.



The City of New Braunfels and Ray Douglas, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C93-73B, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM


 Kirk Wayne McBride appeals from the dismissal of his cause of action for personal
injuries and violations of his state constitutional rights. He also complains of the denial of his
motion for default judgment and the sustaining of the special exceptions asserted by appellees Ray
Douglas and the City of New Braunfels. We will affirm the judgment of the trial court.

 McBride alleged that Douglas, a City criminal investigator, took hair and blood
samples from the incarcerated, unindicted McBride without his consent or a warrant; Douglas had
obtained a court order allowing the sampling. The prosecutor then used the samples to support
the indictment and conviction of McBride on two counts of aggravated sexual assault, one count
of sexual assault, and one count of aggravated kidnapping. This Court reversed those convictions,
holding that state officials must have consent or a search warrant to take blood samples from a
person in custody in McBride v. State, 840 S.W.2d 111, 114 (Tex. App.--Austin, 1992 pet. ref'd).

 McBride sued the City, Douglas, and Comal County in this case. (1) He complained
that the samplings violated his federal and state constitutional rights. U.S. Const. amend IV; Tex.
Const. art. I, § 9. He sued pursuant to the Texas Tort Claims Act. Tex. Civ. Prac. & Rem.
Code Ann. §§ 101.021 & 102.002 (West 1986 and Supp. 1995). The City and Douglas removed
to federal court. The federal court rendered a take-nothing judgment against McBride's federal
law claims and remanded his state law claims. 

 McBride requested under Texas Rule of Civil Procedure 237a that the clerk send
the defendants notice of the remand. Under that rule, the defendants had fifteen days from the
receipt of the notice within which to file an answer. Appellees, having filed an answer before
removal, filed no additional answer. McBride moved for default judgment based on appellees'
failure to file a post-remand answer. He complains by point of error one of the court's denial of
that motion.

 The court did not err by denying his motion for default. Rule 237a gives litigants
in remanded cases who have not filed an answer an opportunity to avert default. Reimer v. Scott,
666 S.W.2d 384, 385 (Tex. App.--Houston [14th Dist.] 1984, writ dism'd); Brown v. State Farm
Mut. Automobile Ins. Co., 449 S.W.2d 93, 97 (Tex. Civ. App.--Fort Worth 1969, no writ). It
does not mandate default if the adverse parties who have previously answered fail to file an
additional answer within the fifteen days. The 1990 amendment to Rule 237a prohibits rendition
upon remand of a default judgment against a party who filed an answer in federal court during the
removal. We surely must give the same respect to a party who filed an answer in state court
before the removal and remand. We overrule point one.

 After denying McBride's motion for default judgment, the trial court granted
appellees' special exceptions which asserted that limitations barred McBride's claims in his First
Amended Petition. The court ordered McBride to cure the pleading defect within twenty-one days
or face dismissal. McBride failed to amend his petition. Three months after sustaining the special
exceptions, the court dismissed his cause of action with prejudice.

 McBride contends by part of point of error two that the court erred by sustaining
appellees' special exceptions. We cannot disturb a ruling on special exceptions absent a showing
of abuse of discretion resulting in injury. Slentz v. American Airlines, Inc., 817 S.W.2d 366, 368
(Tex. App.--Austin 1991, writ denied). A court abuses its discretion when it acts unreasonably,
arbitrarily, or without reference to any guiding principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). Sustaining a
special exception asserting that an affirmative defense bars a cause of action may be unusual, but
it is not unprecedented. See Wood v. Texas Farmers Ins. Co., 593 S.W.2d 777, 782 (Tex. Civ.
App.--Corpus Christi 1979, no writ) (affirming court's sustaining special exception and dismissing
cause of action that was barred by statute of frauds). We must analyze the ruling in light of the
rules and case law governing the sufficiency of pleadings. Tex. R. Civ. P. 45, 47; Rodriguez,
556 S.W.2d at 414. The test for sufficiency is whether the pleading plainly and concisely gives
fair notice of the basic issues in controversy to a reasonably competent opposing attorney. Id. at
414.

 McBride pleaded a cause of action governed by a two-year statute of limitations. (2)
His cause of action filed on February 1, 1993, wherein he complains of actions occurring on
January 31, 1990, is barred absent application of the discovery rule or some other tolling. After
appellees raised limitations in their Original Answer, McBride attempted to escape the bar by
pleading as follows in his First Amended Petition:



Plaintiff, did not know or reasonably should have known of his rights to bring this
action within aleast two (2) years of the allege incident, but he is entitled to bring
this action at this date, because a favorable termination of the underlying
proceeding in the Appeal Courts is a necessary element to this suit, which was
decided in favor of the Plaintiff. A adjudication in this suit while the Plaintiff was
appealing his criminal conviction, would have impinged in part on the validity of
the confinement. Plaintiff's criminal conviction was reversed and remanded due
to evidence use in the criminal trial, that was fruits of an illegal search and siezure
i.e., (hair and blood taken from the Plaintiff).



(sics omitted). The pleading does not plainly or concisely state facts supporting the application
of the discovery rule or other tolling. It contains unclear references to other proceedings. We
cannot say that the court acted unreasonably or arbitrarily by concluding that this language was
too obscure or defective to inform opposing counsel how McBride's claims escaped a statute of
limitations defense.

 McBride contends by the remainder of point two that the court erred by dismissing
his cause of action. A court properly dismisses an action with prejudice if, after the court sustains
special exceptions to the pleader's claims, the pleader fails to amend the pleading. Rodriguez v.
Yenawine, 556 S.W.2d 410, 413-414 (Tex. Civ. App.--Austin 1977, no writ). McBride failed to
amend his pleading despite the lapse of more than three times the period that the court allotted for
amendment. The court did not err. We overrule point two.

 We affirm the district court's dismissal of the cause of action.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: March 15, 1995

Do Not Publish

1.   The court dismissed McBride's claims against Comal County separately from
making the decisions of which McBride complains here. 
2.   Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986).