This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRYAN JAMES STEINMETZ,**

Plaintiff-Appellant,

v.                                                                    NO. 31,746

**STATE OF NEW MEXICO PUBLIC DEFENDERS OFFICE; and HUGH DANGLER, in his official capacity as Chief Public Defender, and individually; and T. DAVID EISENBERG, in his official capacity as Chief Public Defender, and individually; and RALPH ODENWALD, in his official capacity as Chief Public Defender, and individually; and TROY W. PRICHARD, in his official capacity as Chief Public Defender, and individually; and MICHAEL L. ROSENFIELD, in his official capacity as Chief Public Defender, and individually,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Bryan James Steinmetz
Albuquerque, NM

Pro Se Appellant

Miller Stratvert PA

Paula G. Maynes
Luke A. Salganek
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff is appealing, pro se, from a district court order granting Defendants' motion to dismiss Plaintiff's complaint. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition. We affirm.

On appeal, Plaintiff has challenged Defendants' compliance with certain time requirements, most notably the time to file an answer to the complaint. [DS 15] However, as our calendar notice indicated, Defendants had removed the case to federal court, and had filed an answer in that forum. [RP 138] *See State ex rel. Vill. of Los Ranchos de Albuquerque v. City of Albuquerque*, 119 N.M. 169, 172, 889 P.2d 204, 207 (Ct. App. 1993) (stating that "[i]t is generally recognized that pleadings filed in federal court, while the federal court has jurisdiction, become part of the state court record on remand"). To the extent that the state district court overlooked any late filings while the action was in state court, either before or after removal, we believe that the district court did not err, because Defendants were immune from suit. *See*

NMSA 1978, § 31-16-10 (1968) (providing that "[n]o attorney assigned or contracted with to perform services under the Indigent Defense Act [31-16-1 NMSA 1978] shall be held liable in any civil action respecting his performance or nonperformance of such services"). As such, Defendants were not even required to file an answer, and appropriately had the case dismissed on Defendants' Rule 1-012(B)(6) NMRA motions. Accordingly, we affirm.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**J. MILES HANISEE, Judge**