NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WILLIAM CHAPMAN MACH, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA; ARIZONA DEPARTMENT OF CORRECTIONS;
CORIZON, INC.; WEXFORD HEALTH SOURCES, INC.,
*Defendants/Appellees.*

No. 1 CA-CV 14-0486
FILED 5-14-2015

Appeal from the Superior Court in Maricopa County
No.  CV 2013-002562
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

William Chapman Mach, West End, N.C.
*Plaintiff/Appellant in Propria Persona*

Arizona Attorney General's Office, Phoenix
By Daniel Schaack
*Counsel for Defendant/Appellee State of Arizona/Arizona Department of
Corrections*

Renaud, Cook, Drury, Mesaros, P.A., Phoenix
By J. Scott Conlon
*Counsel for Defendant/Appellee Corizon, Inc.*

Jones Skelton & Hochuli, P.L.C., Phoenix
Edward G. Hochuli, Brandi Christine Blair, Jonathan Paul Barnes, Jr.
*Counsel for Defendant/Appellee Wexford Health Sources, Inc.*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**D O W N I E**, Judge:

**¶1**        William Chapman Mach appeals the dismissal of his complaint against the State of Arizona ("the State"), the Arizona Department of Corrections ("ADOC"), Charles Ryan, the director of ADOC ("Ryan"), Corizon, Inc. ("Corizon"), and Wexford Health Sources, Inc. ("Wexford") (collectively, "Appellees"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        While an ADOC inmate, Mach sued the State, ADOC, Ryan, and Wexford for negligence, breach of contract, Eighth Amendment violations, and claims arising under 42 U.S.C. § 1983. The claims were based on Appellees' alleged failure to properly treat Mach's knee, which had been diagnosed with "arthritic changes." Mach subsequently filed an amended complaint ("First Amended Complaint") that added Corizon as a defendant.

**¶3**        Appellees removed the case to federal district court pursuant to 28 U.S.C. § 1441(a). The district court dismissed the First Amended Complaint but granted Mach leave to file an amended complaint, which he did ("Second Amended Complaint"). The Second Amended Complaint omitted Ryan as a defendant and did not carry forward the Eighth Amendment or § 1983 claims. Because the Second Amended Complaint included only state-law claims, the district court remanded the case to the superior court.

**¶4**        The State moved to dismiss the Second Amended Complaint under Arizona Rule of Civil Procedure 12(b)(6) for failure to state a claim

upon which relief could be granted, and Wexford joined in that motion. Corizon filed a separate motion to dismiss under Rule 12(b)(6). After ruling that the Second Amended Complaint was the operative pleading, the superior court granted the State's motion to dismiss. It also granted Corizon's motion to dismiss the breach of contract count, but gave Mach until May 30, 2014 to file a statutorily compliant physician's affidavit regarding the negligence claim against Corizon. After Mach failed to do so, the court dismissed the case in its entirety.

**¶5**        Mach timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**        "Dismissal of a complaint under Rule 12(b)(6) is reviewed de novo." *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). "In determining if a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Id.* at 356, ¶ 9, 284 P.3d at 866.

## I.        The Operative Pleading

**¶7**        Mach first argues the district court remanded only jurisdiction to the superior court and not "the court file developed in federal court," including the Second Amended Complaint. His argument centers on the difference between 28 U.S.C. § 1446, which governs the procedure for removal to federal court, and 28 U.S.C. § 1447, which provides procedures for remanding a case to state court. Section 1446 requires the removing party to provide the federal court with all process, pleadings, and orders served upon it in state court. In contrast, § 1447 only discusses the federal court providing the state court with a "certified copy of the order of remand." Accordingly, Mach argues, the state court "need not concern itself with anything that happened in federal court." We disagree.

**¶8**        An amended complaint supersedes and takes the place of previously filed complaints. *Campbell v. Deddens*, 21 Ariz. App. 295, 297, 518 P.2d 1012, 1014 (1974). This Court has recognized the superior court's ability to consider pleadings filed in federal court on remand. *Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 56, ¶ 9, 290 P.3d 446, 449 (App. 2012), *vacated in part on other grounds*, *Sullivan v. Pulte Home Corp.*, 232 Ariz. 344,

306 P.3d 1 (2013); *see also State ex. rel Village of Los Ranchos de Albuquerque v. City of Albuquerque*, 119 N.M. 169, 172, ¶ 9, 889 P.2d 204, 207 (App. 1993), *remanded on other grounds*, 119 N.M. 150 (1994) ("It is generally recognized that pleadings filed in federal court, while the federal court has jurisdiction, become part of the state court record on remand."). Thus, Mach's assertion that the superior court "should have proceeded with the case as it stood just prior to removal" lacks legal support. The superior court correctly deemed the Second Amended Complaint the operative pleading.

## II.    Ryan's Dismissal

**¶9**        The Second Amended Complaint did not include Ryan as a defendant. Therefore, the superior court correctly ruled that Mach could not proceed against Ryan.

## III.    Negligence Claim

**¶10**       Count one of the Second Amended Complaint alleged negligence against the State, Wexford, and Corizon for "denying reasonable medical care to [Mach's] right knee." The superior court dismissed the negligence claim against the State because it was barred by A.R.S § 31-201.01(L), which prevents incarcerated felons from seeking damages for injury by the State or its agencies "unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute." "Serious physical injury" is defined as "an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." A.R.S. § 31-201.01(N)(2).

**¶11**       Mach argues "[a] fair reading of the pleadings will disclose allegations of a serious knee condition . . . which caused [him] unceasing severe pain and prolonged impairment of function." He also suggests his complaint established "a claim authorized by federal statute." However, Mach's argument relies primarily on the First Amended Complaint, which is not the operative pleading. The Second Amended Complaint does not allege facts necessary to satisfy the requirements of A.R.S. § 31-201.01(L). It includes only conclusory statements, such as "the injury is a medical condition which [Appellees] were required by law to treat, but which they negligently failed to treat." Furthermore, Mach expressly identified the negligence claim in the Second Amended Complaint as a "state claim,"

not one arising under federal law. Under these circumstances, the superior court properly dismissed the negligence claim against the State.

¶12        In its motion to dismiss, Corizon argued count one was a medical negligence claim because Mach was contending "his medical care providers [were] not providing the requisite care for his medical conditions." Accordingly, Corizon argued, Mach was required to comply with A.R.S. § 12-2603 by providing a preliminary expert affidavit. In response, Mach filed an affidavit from Brian Leslie Finkel. Appellees objected that Finkel's affidavit was insufficient because it did not establish Finkel was licensed to practice medicine in Arizona. The superior court agreed and ordered Mach to provide an affidavit in compliance with statutory requirements. When Mach failed to do so, the court dismissed his complaint.

¶13        Mach argues he did not assert a claim governed by A.R.S. § 12-2603. He further contends his "claim in tort" alleged all of the requisite elements. Once again, though, his argument is based on information not included in the Second Amended Complaint. The negligence count of the Second Amended Complaint contains only conclusory statements. Nonetheless, the superior court did not dismiss the claim outright, gave Mach "the benefit of all inferences" which his complaint could reasonably support, and gave Mach an opportunity to present a competent physician's affidavit. *See Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508, 744 P.2d 29, 35 (App. 1987) (court gives plaintiffs benefit of all inferences when considering Rule 12(b)(6) motions). Mach failed to comply, and the court properly dismissed the negligence claim against Corizon and Wexford.

## IV.    Breach of Contract

¶14        Mach suggests the court erroneously dismissed his breach of contract claim because he "properly stated an action for breach of contract" and because he is a third-party beneficiary of contracts with Wexford and Corizon. We disagree.

¶15        The Second Amended Complaint alleges the State and ADOC contracted with Wexford and Corizon to provide healthcare to all inmates and established rates for inmate healthcare services. Because of his status as an inmate charged for healthcare services, the complaint alleges Mach was "a direct contracting party and/or a third-party beneficiary."

**¶16** Even read broadly, the Second Amended Complaint fails to state a viable contract claim. Mach did not allege facts establishing the existence of a contract between himself and any other party, and he also failed to allege facts suggesting he is a legally cognizable third party beneficiary of the contracts. *See Norton v. First Fed. Sav.*, 128 Ariz. 176, 178, 624 P.2d 854, 856 (1981) ("[F]or a person to recover as a third-party beneficiary of a contract, an intention to benefit that person must be indicated in the contract itself . . . . The contemplated benefit must be both intentional and direct."). The fact that inmates are subject to fees for medical visits does not make Mach a third party beneficiary to the entirety of the contracts between the State, Wexford, and Corizon. Moreover, the allegation in the Second Amended Complaint is that Mach did not receive medical care — not that he paid for, but did not receive, such care. The superior court properly dismissed Mach's breach of contract claim.

## CONCLUSION[1]

**¶17** For the foregoing reasons, we affirm the judgment of the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1] Based on our determination that Mach failed to state claims upon which relief may be granted, we need not separately address whether ADOC was properly dismissed as a non-jural entity.