This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40665**

**POWER OF GRACE TRUCKING, LLC,**

Petitioner-Appellant,

v.

**WEATHERBY-EISENRICH AGENCY, INC; MARIA ESTELA LARA, Independent Administrator of the ESTATE OF LUIS ANTONIO LARA; MIGUEL H. LARA; and STEPHANIE CORONADO, as next friend to A.L., a minor,**

Respondents-Appellees,

and

**HUDSON INSURANCE COMPANIES,**

Respondent.

**HUDSON INSURANCE COMPANIES,**

Counterclaimant-Appellant,

v.

**MARIA ESTELA LARA, Independent Administrator of the ESTATE OF LUIS ANTONIO LARA; MIGUEL H. LARA; and STEPHANIE CORONADO, as next friend to A.L., a minor,**

Counter/Cross-Defendants-Appellees,

**POWER OF GRACE TRUCKING, LLC,**

Counter/Cross-Defendant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Court Judge**

Blenden Law Firm, P.A.
Dick A. Blenden
Carlsbad, NM

for Appellant Power of Grace Trucking, LLC

Allen Law Firm, LLC
Michelle Lalley Blake
Albuquerque, NM

Hunton Andrews Kurth LLP
Syed S. Ahmad
Washington, DC
David M. Parker
Richmond, VA

for Appellee Weatherby-Eisenrich, Inc

Christian, Dichter & Sluga, P.C.
Gena L. Sluga
Phoenix, AZ

for Appellant Hudson Insurance Company and
Hudson Specialty Insurance Company

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** In the proceedings below, the district court found that an excess/umbrella insurance policy issued by Respondent Hudson Insurance Companies (Hudson) was ambiguous and entered judgment declaring that the policy provided coverage for a semitrailer accident. Hudson appeals, arguing that the district court erred in (1) deciding the matter under Rule 1-012(C) NMRA, (2) its substantive coverage determination, and (3) denying Hudson's motions to reconsider. We agree that, under the circumstances presented, the coverage question should not have been resolved under Rule 1-012(C). We accordingly reverse and remand for further proceedings.

## BACKGROUND

**{2}** The petitioner in this case, Power of Grace Trucking, LLC (POG), was sued in Texas after one of its employees, while driving a company semitrailer, was involved in a motor vehicle accident that caused the death of another person. At the time of the accident, POG had in force three insurance policies with its insurer, Hudson: (1) commercial general liability (CGL), (2) umbrella/excess, and (3) commercial auto liability. When POG notified Hudson of the lawsuit, Hudson agreed to provide coverage under the commercial auto liability policy but denied coverage under the umbrella/excess policy.[1] Hudson explained that the excess liability coverage (Coverage A) was tied to the CGL policy, which excludes commercial auto liability, and the umbrella liability coverage (Coverage B) contains an "Automobile Exclusion" that states, "[T]he policy does not apply to liability arising out of ownership, maintenance, operation, use, loading, or unloading of any automobile while away from premises owned by, rented or controlled by you."

**{3}** POG filed a separate declaratory judgment action in New Mexico against Hudson and Weatherby-Eisenrich Agency, Inc. (the insurance agency that procured the insurance policies at issue), seeking a declaration that Hudson and Weatherby were liable for the full extent of the excess/umbrella policy limits of $5 million. Hudson filed a counter/cross-claim for declaratory relief seeking a declaration that the umbrella/excess policy did not provide coverage for the underlying accident.

**{4}** Weatherby answered POG's petition and then filed a Rule 1-012(C) motion for judgment on the pleadings. Weatherby's motion sought to demonstrate that the umbrella policy (Coverage B) provided coverage for the underlying accident and that "Hudson is liable, both for primary and umbrella coverage, for losses that [POG] may incur because of the tractor-trailer accident and resulting lawsuit." Weatherby concluded that "[b]ecause there is umbrella coverage for the accident, [the c]ourt should grant judgment on the pleadings on [POG's] claim against Weatherby."

**{5}** Hudson responded, arguing that there was no coverage under the umbrella/excess policy for the accident. Hudson maintained that Weatherby was solely liable to POG based on its failure to procure the coverage requested by POG. Both parties attached exhibits to their filings. Weatherby attached two exhibits to its motion: (1) a letter from Hudson to POG stating that the $5 million umbrella/excess policy did not provide coverage for the accident, and (2) the umbrella/excess policy itself. Hudson attached over 200 pages in exhibits to its response, including an "insurance quotation" and POG's CGL and commercial auto policies.

**{6}** Following a hearing, the district court granted Weatherby's motion. The court determined that the umbrella policy provided coverage, finding in relevant part that the policy's "automobile exclusion" was "not sufficiently clear" so as to exclude semitrailers from coverage. The district court stated that it had reviewed the "insurance quotation" attached to Hudson's response and that its "review seems to indicate the [insurance quotation] includes the coverage for trucks connected with the oil and gas transportation business, maybe not automobiles." The court also attached the "insurance quotation" as

---

[1]The parties agree there is no coverage for the accident under the CGL policy.

an exhibit to its letter decision. The court later entered judgment against Hudson and dismissed any remaining claims.

**{7}** Hudson filed a motion for reconsideration, contending that (1) the district court relied on matters outside the pleadings and should have converted Weatherby's motion into a motion for summary judgment under Rule 1-056 NMRA; (2) Weatherby's motion was improper because the pleading under which it was moving—POG's petition for declaratory judgment—never sought a declaration that the underlying lawsuit was covered under the excess policy; and (3) the district court erred in finding there was umbrella coverage for the action. The district court denied Hudson's motion for reconsideration. Hudson filed another motion for reconsideration, which the district court also denied. Hudson appeals.

## DISCUSSION

**{8}** Hudson argues that the district court should not have granted Weatherby's motion for judgment on the pleadings for three reasons: (1) POG never requested coverage under the umbrella policy in its amended petition for declaratory judgment; (2) the motion should have been converted to a Rule 1-056 motion for summary judgment; and (3) the district court's interpretation of the policy and substantive coverage determination were incorrect. We reject Hudson's first contention for the simple reason that Hudson put coverage at issue by filing its counter/cross-claim for declaratory relief, which sought a declaration that the umbrella/excess policy did not provide coverage for the underlying accident. *See State ex rel. Vill. of Los Ranchos De Albuquerque v. City of Albuquerque*, 1993-NMCA-147, ¶ 9, 119 N.M. 169, 889 P.2d 204 ("[P]leadings filed in federal court, while the federal court has jurisdiction, become part of the state court record on remand."), *rev'd on other grounds*, 1994-NMSC-126, 119 N.M. 150, 889 P.2d. 185. As for Hudson's remaining arguments, we agree that the district court should not have decided the coverage issue under Rule 1-012(C).

**{9}** We review the district court's disposition of a Rule 1-012(C) motion for judgment on the pleadings de novo and "according to the same standard as motions for failure to state a claim under Rule 1-012(B)(6)." *Hovey-Jaramillo v. Liberty Mut. Ins.*, 2023-NMCA-068, ¶ 8, 535 P.3d 747 (internal quotation marks and citation omitted). Under Rule 1-012(C), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1-056 . . . , and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 1-056."

**{10}** Hudson contends that the district court "relied on . . . outside evidence in granting Weatherby's Rule 1-012 Motion, but did not treat Weatherby's Motion as one for summary judgment." Indeed, both parties attached exhibits to their filings, and the district court appears to have expressly considered two of the exhibits in its letter decision: (1) the umbrella/excess insurance policy itself, and (2) the "insurance

quotation" attached as an exhibit to Hudson's response.[2] Based on these materials, the district court found that the umbrella policy was ambiguous as to whether a semitrailer was an excluded "automobile," and stated that its review "seems to indicate the [insurance quotation] includes the coverage for trucks connected with the oil and gas transportation business." Because the district court considered extrinsic evidence (the "insurance quotation") when interpreting the umbrella policy's meaning, we agree with Hudson that the district court should have considered the entirety of the evidence offered by both parties to "elucidate the alleged ambiguity and clarify POG's reasonable expectations."

**{11}**  "Insurance contracts are construed by the same principles which govern the interpretation of all contracts." *Hinkle v. State Farm Fire & Cas. Co.*, 2013-NMCA-084, ¶ 18, 308 P.3d 1009 (alteration, internal quotation marks, and citation omitted). "Ambiguities arise when separate sections of a policy appear to conflict with one another, when the language of a provision is susceptible to more than one meaning, when the structure of the contract is illogical, or when a particular matter of coverage is not explicitly addressed by the policy." *Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶ 19, 123 N.M. 752, 945 P.2d 970. "[C]ourts are . . . allowed to consider extrinsic evidence in determining whether an ambiguity exists in the first instance, or to resolve any ambiguities that a court may discover." *Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 13, 129 N.M. 698, 12 P.3d 960. Our Supreme Court has "also added that, if ambiguities cannot be resolved by examining the language of the insurance policy, courts may look to extrinsic evidence such as the premiums paid for insurance coverage, the circumstances surrounding the agreement, the conduct of the parties, and oral expressions of the parties' intentions." *Id.* (alteration, internal quotation marks, and citation omitted); *see also Risk Mgmt. Div., Gen. Servs. Dept. of State ex rel. Apodaca v. Farmers Ins. Co. of Ariz.*, 2003-NMCA-095, ¶ 11, 134 N.M. 188, 75 P.3d 404 ("The district court may use all available extrinsic evidence to interpret ambiguities, including the language and conduct of the parties and the circumstances surrounding the agreement, as well as oral evidence of the parties' intent." (internal quotation marks and citation omitted)); *Rummel*, 1997-NMSC-041, ¶ 21 (same). "Without a full examination of the circumstances surrounding the making of the agreement, ambiguity or lack thereof often cannot properly be discerned." *Mark V, Inc. v. Mellekas*, 1993-NMSC-001, ¶ 10, 114 N.M. 778, 845 P.2d 1232.

**{12}**  In this case, the district court determined that the policy was ambiguous as to whether semitrailers were excluded from coverage and turned to extrinsic evidence—in

---

2The mere submission of extrinsic evidence does not automatically convert a motion under Rule 1-012(C) into one for summary judgment. *See Dunn v. McFeeley*, 1999-NMCA-084, ¶¶ 6, 16-17, 127 N.M. 513, 984 P.2d 760 (determining that the plaintiff's submission of nearly 400 pages of attachments in his response to the defendants' motion to dismiss did not convert the motion into one for summary judgment). As well, we observe that the materials relied on by the district court were expressly referenced in POG's amended petition for declaratory judgment, though not attached to the pleading. Under the circumstances, the district court's consideration of these materials does not necessarily convert the motion into one for summary judgment. *See Ruegsegger v. Bd. of Regents of W. N.M. Univ.*, 2007-NMCA-030, ¶ 41, 141 N.M. 306, 154 P.3d 681 (holding that provisions that are integral to a contract "effectively merge into the pleadings and can be reviewed in deciding a motion to dismiss").

this context, evidence outside the four corners of the policy—to interpret the insured's expectation. However, the court cabined its review to a single document referenced in the pleadings, and there is no indication that the district court considered any of the other evidence offered by Weatherby or Hudson in granting Weatherby's Rule 1-012(C) motion. We presume that it did not. *See Henning v. Rounds*, 2007-NMCA-139, ¶¶ 2-3, 142 N.M. 803, 171 P.3d 317 (presuming that the district court did not rely on letters attached to a party's response to another party's motion to dismiss, and declining to treat the motion as one for summary judgment). Hudson specifically argued that its extrinsic evidence was relevant to the coverage issue and tended to show that POG intended to purchase a policy without coverage for trucking accidents. Under the circumstances, the district court erred in conducting an ambiguity analysis without examining this evidence. *See Mark V, Inc.*, 1993-NMSC-001, ¶ 10. Put differently, the district court did not conduct an appropriate ambiguity analysis based on the pleadings alone, particularly where the parties have offered additional evidence of "the premiums paid for insurance coverage, the circumstances surrounding the agreement, the conduct of the parties, and oral expressions of the parties' intentions." *Ponder*, 2000-NMSC-033, ¶ 13 (internal quotation marks and citation omitted).

**{13}** For these reasons, we conclude that the district court's grant of Weatherby's motion for judgment on the pleadings was improper. In light of our holding, we need not address the other arguments presented by Hudson.

**CONCLUSION**

**{14}** We reverse and remand for further proceedings consistent with this opinion.

**{15}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**